UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAZEN S. HAMDAN (#445049)                                    CIVIL ACTION

VERSUS

RICHARD L. STALDER, ET AL.                                   NO. 04-0420-C-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 26, 2007.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MAZEN S. HAMDAN (#445049)**                     CIVIL ACTION
**VERSUS**
**RICHARD L. STALDER, ET AL.**                    NO. 04-0420-C-M2

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Revised Motion for Summary Judgment of defendant Ronald Stanley, rec.doc.no. 61. This motion is not opposed.

The pro se plaintiff, an inmate previously incarcerated at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard L. Stalder, Warden C.M. Lensing, Shirley Thompson, Ronald Stanley, and several unidentified "John Doe" defendants, complaining that the defendants violated his constitutional rights in June, July and August, 2003, through excessive force, through deliberate indifference to his serious medical needs, and through racial and religious discrimination. Pursuant to Report and Recommendation of the Magistrate Judge, approved by the District Judge on April 17, 2007, see rec.doc.nos. 39 and 43, the Court has dismissed the plaintiff's claims against defendants Richard Stalder and C.M. Lensing and has dismissed all claims against the remaining defendants except his claim that, on July 10, 2003, defendants Ronald Stanley and Shirley Thompson placed the plaintiff in a small cell and subjected him to excessive force in the form of two full cans of irritant spray, without provocation or justification.

The appearing defendant now moves for summary judgment, relying upon the pleadings, a Statement of Uncontested Material Facts, a copy of the plaintiff's disciplinary proceedings resulting from the incident of July 10, 2003, and the affidavits of Major Reginald Brock and defendants

Ronald Stanley and Shirley Thompson.

On motion for summary judgment, the focus of the Court is upon whether the evidentiary materials on file and in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When a summary judgment motion is properly made and supported under Rule 56(c), the non-moving party may not rest upon mere allegations contained in the pleadings but, rather, must come forward with "specific facts" showing that there is a genuine issue for trial. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e). The party who moves for summary judgment has the initial burden of informing the Court of the basis for its motion and identifying those parts of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." Little v. Liquid Air Corp., 939 F.2d 1293, 1299 (5th Cir. 1991), withdrawn and superceded on reh'g, 952 F.2d 841 (1992), reversed on reh'g en banc, 37 F.3d 1069 (1994)(per curium). The evidence before the Court, in the form of sworn affidavits proffered by defendant Stanley, reflects that on the morning of July 10, 2003, the plaintiff was causing a loud disturbance in the shakedown booth, including beating and kicking on the door and window of the booth cell and shouting obscenities at security officers. In response, defendant Thompson repeatedly instructed the plaintiff to cease the disturbance and to come to the bars of the cell to be restrained.

When the plaintiff continued to refuse to comply with these instructions, defendant Thompson contacted a superior officer, Major Reginald Brock, and obtained permission to utilize a brief application of irritant spray into the shakedown booth in an attempt to gain the plaintiff's compliance.  After the subsequent use of a minimal application of chemical agent into the shakedown booth, the plaintiff complied with instructions, allowed himself to be restrained, and was escorted to the prison infirmary where he was provided with a clean jumpsuit and was given an opportunity to shower.  In summary, therefore, the defendant has produced evidence reflecting that only a minimal amount of chemical agent was utilized against the plaintiff on July 10, 2003, and that the use of the chemical agent was justified to quell a disturbance caused solely by the plaintiff.

Under the United States Constitution, force is excessive and violates the Eighth Amendment only if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.  Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).  Further, not every malevolent action by a corrections official gives rise to a federal cause of action.  The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."  Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury, greater than de minimis, resulting from the use of such force.  Knight v. Caldwell, 970 F.2d 1430 (5th Cir.

1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993).

The evidence before the Court does not support the plaintiff's claims. In the context of a motion for summary judgment, as above noted, it is well-settled that a plaintiff may not rest upon mere allegations or denials contained in his pleadings in opposing such a motion. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. Weyant v. Acceptance Insurance Co., 917 F.2d 209 (5th Cir. 1990). He must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, or produce supporting evidence on his own behalf. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corp., 812 F.2d 265 (5th Cir. 1987).

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendant's motion for summary judgment or to the factual assertions contained therein. Accordingly, other than the mere allegations of the plaintiff's Complaint, unsupported by affidavit(s) or other corroborating evidence, there is nothing before the Court which tends to support his version of events. What is before the Court for consideration is evidence adduced by the defendant, in the form of sworn affidavits, attesting to a reasonable application of a minimal amount of force in response to a violent and recalcitrant inmate. Although the plaintiff asserts in his Complaint that irritant spray was utilized against him without

justification by the defendants, he does not address the evidence adduced by the defendants. Accordingly, based upon the foregoing, and upon the plaintiff's failure in this case to oppose the defendant's motion for summary judgment, to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, or to produce supporting evidence on his own behalf, Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corp., 812 F.2d 265 (5th Cir. 1987), the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Revised Motion for Summary Judgment of defendant Ronald Stanley, rec.doc.no. 61, be granted, dismissing the plaintiff's claims against this defendant, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, October 26, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**